UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| MARCO A. MARIN, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | No. 2:14 CV 206 |
| SUPERINTENDENT, | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Marco A. Marin, a prisoner proceeding *pro se*, filed a habeas corpus petition challenging the prison disciplinary hearing (WCC 13-05-366) in which a Westville Correctional Facility Disciplinary Hearing Officer (DHO) found him guilty of Unauthorized Possession, Destruction, Alteration, Damage, or Theft of Property Belonging to Another, in violation of B-215, for removing a window in his cell. On May 24, 2013, the DHB deprived him of 40 days earned credit time and demoted him to Credit Class 2. Marin presents four grounds in his petition, but he only raises two distinct claims. He argues that there was insufficient evidence to have found him guilty and that the charge against him was changed. The Respondent filed a return and Marin filed a traverse. This case is now fully briefed.

Marin argues that the guard who wrote the conduct report did not see him remove the window. He argues that she only saw him combing his hair when she discovered the window out of place. He argues that the window was still in its frame. He alternatively argues that the window was either not repaired or not properly

repaired. He argues that there was no evidence as to exactly when or by whom the window was repaired. He argues that the window might have been improperly moved by a former inhabitant of his cell. Nevertheless, he acknowledges that he told Sgt. Creasy that he moved the window. "Sgt. Creasy was doing her rounds in B-Dorm and had asked me why was the window moved out of place? I had explained to her that, I had just opened the window and it had popped out of place." (DE # 5-4 at 2.)

"In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted). Even a Conduct Report alone can be sufficient evidence to support a finding of guilt. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). Such is the case here.

The Conduct Report states:

> On 5-15-13 at approx. 7:40 am, I (Sgt. Creasy) was making rounds checking the dorm for compliance. When I (Sgt. Creasy) entered room B1-S1-4, I saw 1 of the windows I fixed had been taken out again. All offenders were warned when the windows were repaired, a class B conduct report would be written if the windows were altered in any way.

(DE # 5-1.) Marin speculates that the window might not have been repaired, but Sgt. Creasy states that she repaired it. Marin speculates that it might not have been repaired properly, but it is not for this court to re-weigh the evidence. Marin speculates that another inmate might have removed the window, but he admits that it came out when he moved it. Perhaps he is arguing that he did not intend to remove the window or that it was a simple accident, but it is not for this court to judge his credibility as a witness. The window in his cell was removed without authorization and when asked about it he admitted that it popped out when he moved it. The decision to find him guilty was not arbitrary because there was more than sufficient evidence indicating that he was guilty of altering the window.

Finally, Marin argues that he is entitled to habeas corpus relief because the charge was changed. However, the record shows that neither the factual basis in the Conduct Report nor the code number (B-215) of the violation was changed. What changed was the short description of the offense which was written on the forms given to Marin. On the conduct report, the charge was described as "Destruction of State Property" (DE 5-1). Whereas the Screening Report called it "Unauthorized Possession of

Property" (DE 5-2 at 1) and the Disciplinary Report called it "Unauthorized Possession of Prope" (DE 5-36 at 1).

*Wolff v. McDonnell*, 418 U.S. 539 (1974) requires advance notice of sufficient facts to inform the accused of the behavior with which he is charged. *Wolff* does not require such a notice to specify the specific number of the rule violation, its title, nor severity. *See Northern v. Hanks*, 326 F.3d 909, 911 (7th Cir. 2003) (No due process violation where the Final Reviewing Authority increased the charge on appeal.) *and Salazar v. Wilson*, 498 F. App'x 600, 603 (7th Cir. 2012) ("The modification did not violate Salazar's right to due process; the additional charge relies on the same evidence introduced at the disciplinary hearing and Salazar's defense applied equally to both charges.").

Here, the official title of B-215 is "Unauthorized Possession of Property" (DE # 5-6 at 7.) The description of the offense is "Unauthorized possession, destruction, alteration, damage to, or theft of state property or property belonging to another." *Id.* Marin knew the factual basis of the charge and he knew the number of the alleged violation throughout the process. He had adequate notice and time to prepare to address the charge against him. Changing the short description of the offense was not a due process violation and it is not a basis for habeas corpus relief.

For these reasons, the habeas corpus petition is **DENIED**. The clerk is **DIRECTED** to close this case.

**SO ORDERED.**

Date: August 4, 2016

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT